IN THE UNITED STATES DISTRICT COURT
OF NORTH DAKOTA
FARGO DIVISION

| | | |
|---|---|---|
| KELVIN NEWKIRK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO: |
| vs. | § | |
| | § | |
| VALLEY PLUMBING and | § | |
| CHESTER LANEY | § | |
| | § | |
| Defendants. | § | |

**COMPLAINT**

*[Jury Trial Demanded]*

Plaintiff KELVIN NEWKIRK for his Complaint against VALLEY PLUMBING states and alleges as follows:

**SUMMARY**

1. VALLEY PLUMBING and CHESTER LANEY (collectively "Defendants") required and/or permitted KELVIN NEWKIRK (hereinafter "Plaintiff") to work in excess of forty hours per week but refused to compensate him properly for such hours.

2. Defendants' conduct is in violation of the Fair Labor Standards Act (FLSA), which requires employers to compensate non-exempt employees for their overtime work. See, 29 U.S.C. § 207(a).

3. Plaintiff is a FLSA non-exempt worker who has been denied overtime pay required by law, for which he now seeks recovery.

COMPLAINT                                                                                                    1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in the District of North Dakota because Defendants engage in business here.

## THE PARTIES

6. Plaintiff KELVIN NEWKIRK is a resident of Rockford, Illinois.

7. Defendant VALLEY PLUMBING is a company with its principle place of business in Fargo, North Dakota. Service of process may be had on Defendant at 725 42nd Street SW, Suite 124, Fargo, ND. 58103.

8. Defendant CHESTER LANEY is an individual. Service of process may be had on Defendant at 725 42nd Street SW, Suite 124, Fargo, ND. 58103.

## COVERAGE

9. Defendant VALLEY PLUMBING is an enterprise that engages in commerce by providing plumbing services to its customers in North Dakota and Minnesota.

10. Defendant, CHESTER LANEY, at all times material hereto, was the managing agent of Defendant, VALLEY PLUMBING; said Defendant acted and acts directly in the interests of the Defendant, VALLEY PLUMBING, in relation to said co-Defendant's employees. Defendant effectively dominated VALLEY PLUMBING administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, CHESTER LANEY was an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

11. Defendants acted, either directly or indirectly, in the interest of an employer with respect to Plaintiff.

12. Accordingly, Defendants are both a covered "enterprise" and an "employer" under the FLSA.

13. Defendants have had, and continue to have, an annual gross income of sales made or business done of not less than $500,000.

## FACTUAL ALLEGATIONS

14. Defendants provide plumbing services to its customers in North Dakota and Minnesota.

15. Defendants employed Plaintiff as an installer.

16. Plaintiff worked for Defendants from April 1, 2013 through February 3, 2016.

17. Defendants paid Plaintiff an hourly wage of $19.00.

18. Plaintiff worked anywhere from 70 to 86 hours per week for Defendants.

19. Plaintiff did not receive any overtime compensation for hours exceeding forty in a workweek.

20. Defendant compensated Plaintiff his hourly wage for all hours worked, regardless of hours worked.

## CAUSE OF ACTION
### *VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")*

21. Plaintiff incorporates all allegations contained in the preceding paragraphs.

22. At all relevant times Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

23. Defendants' failure to pay overtime compensation to Plaintiff violates the FLSA.

24. Accordingly, Plaintiff is entitled to compensation for overtime hours worked.

25. Additionally, Plaintiff is entitled to an amount equal to his unpaid overtime wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action as provided by 29 U.S.C. § 216(b).

26. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described pursuant to 29 U.S.C. § 216(b).

27. Alternatively, should the Court find Defendants acted in good faith and that they had reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

28. Plaintiff is entitled to have the limitations period extended to three years because Defendants' actions were willful. 29 U.S.C. § 216(b).

29. WHEREFORE, Plaintiff demands judgment against Defendants plus costs, reasonable attorney's fees, and such other remedies as the court deems just and appropriate.

## PRAYER

WHEREFORE, Plaintiff respectfully requests judgment be entered in his favor awarding him:

A. overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one half times his regular rate;

B. an equal amount as liquidated damages as allowed under the FLSA;

C.  damages accrued for a three year period;

D.  reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

E.  pre-judgment and post judgment interest at the highest rates allowed by law; and

Respectfully submitted,

**GOLDBERG & LOREN, PA**
By: /s/ James M. Loren, Esq.
**James M. Loren**
**Attorney-in-charge**
George Z. Goldberg
3523 45th Street, Suite 100
Fargo, North Dakota 58104
Main Phone:   (800) 719-1617
Facsimile:      (888) 272-8822
jloren@lorenlaw.com
ggoldberg@goldbergdohan.com
*Attorneys for Plaintiff*